UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

GAYLE McKINNIE GUNN, *pro se*,

    Debtor.
_____/

Case No. 16-51271

Chapter 7

Judge Thomas J. Tucker

MICHIGAN UNEMPLOYMENT INSURANCE
AGENCY,

    Plaintiff,

v.

GAYLE McKINNIE GUNN, *pro se*,

    Defendant.
_____/

Adv. Pro. No. 16-5049

**OPINION AND ORDER DENYING, WITHOUT PREJUDICE,
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the Court on Plaintiff's motion for summary (Docket # 45, the "Motion"). The Motion seeks (1) a money judgment against Defendant in the amount of $71,115.24 plus costs of $350.00 for a total judgment of $71,465.24; and (2) an order determining that Defendant's debt to the Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2)(A), as a debt based on fraud. The Plaintiff argues that it is entitled to the requested relief based on the evidence it presented with the Motion, and also based on the doctrines of collateral estoppel and res judicata. The Defendant filed a response in opposition to the Motion (Docket # 52), and the Plaintiff filed a reply in support of the Motion (Docket 56).

The Court has reviewed all of the briefs of the parties and all of the evidence presented in

support of the Motion,[1] including the affidavit of Doris Mitchell (Docket # 47), and concludes that a hearing on the Motion is not necessary. The Court will deny the Motion, without prejudice, because there is an unexplained conflict in the summary judgment evidence presented by Plaintiff in support of the Motion.

Plaintiff's brief in support of the Motion states, in relevant part:

> [Defendant] Gunn's restitution is currently $18,100.00 for the overpaid benefits she received. She also owes statutory fraud damages of $53,576.00, for a total of $71,676.00. (Exhibits 6-D; 5; Agency calculations, Exhibit 6-F.) Gunn has made $560.76 in payments. (Exhibits 5; 6-F.) The resulting current total debt is $71,115.24. (Exhibits 5; 6-F.)

(Docket # 45 at 4.) Plaintiff's Exhibit 6D contains a list of overpayments Plaintiff made to Defendant, showing that Plaintiff paid Defendant $362.00 for the weeks ending January 11, 2003 through December 20, 2003, totaling $18,100.00. (Pl.'s Ex. 6D to Docket # 45 at 1-2.) Exhibit 6D also adds a statutory penalty in the amount of $53,576.00 to the $18,100.00 in restitution, for a total debt of $71,675.00. (*Id.* at 2.) Plaintiff's Exhibit 6F is a copy of an adding machine tape with Plaintiff's notations on the left-hand side of certain amounts, indicating that the "original principal" owed by Defendant was $18,100.00; the "original penalty" was $53,576.00, and that the "original total" was $71,675.00. (Pl.'s Ex. 6F to Docket # 45.) The adding machine tape indicates that the "amount collected" by Plaintiff was $560.75, leaving a "current balance" of $71,115.24. (*Id.*) These exhibits show amounts that are consistent with the statements of the amount by Defendant, stated in the Plaintiff's brief in support of the Motion.

The conflict in the Plaintiff's evidence arises as a result of the Affidavit of Doris Mitchell

---

[1] The Defendant did not file any evidence in support of her opposition to the Motion. (*See* Docket # 52.)

(Docket # 47). Paragraph 8 of the affidavit states: "According to the (Re)Determinations and records of the [Michigan Unemployment Insurance] Agency, [Defendant] Gunn ineligibly received $9412.00 in overpaid unemployment benefits, and she was assessed $72,421.00 in penalties." And Paragraph 14 of Ms. Mitchell's Affidavit repeats these amounts. These amounts are different than the amounts shown by Plaintiff's other summary judgment evidence, described above.

Because of this unexplained conflict in Plaintiff's own summary judgment evidence, regarding both the amount of restitution and the amount of the statutory penalties, the Court must deny the Motion.

Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 45) is denied.
2. This Order is without prejudice to the right of the Plaintiff to file a new motion for summary judgment, provided that such a motion is filed no later than October 17, 2017.

**Signed on October 10, 2017**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**